IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN F. SHILLING, SR.

v.

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, et al.

CIVIL NO. L-03-3120

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Remand. No oral argument is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2001). For the reasons set forth below, the Court will, by separate Order, (i) ACCEPT FOR FILING Plaintiff's Amended Complaint; (ii) GRANT Plaintiff's motion; (iii) REMAND this action to the Circuit Court for Baltimore City; and (iv) DIRECT the Clerk to close the case.

### I. Introduction

Plaintiff, Calvin F. Shilling, Sr. ("Plaintiff"), filed this action in the Circuit Court for Baltimore City, alleging eight state-law claims against his former employer, The Northwestern Mutual Life Insurance Company ("NML"), and two of its General Agents, Donald Iodice and Scott Iodice (collectively referred to as "Defendants"). Defendants removed the case because Count V of the Complaint alleged that Defendants terminated Plaintiff prior to his sixtieth birthday to avoid making payments to Plaintiff under his pension plan.[1] Defendants argued that, under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"),

---

[1] Count V, titled "Negligence," stated that "Defendants owed a duty of good faith and fair dealing to Shilling and breached that duty by terminating him three and one half (3 ½) months before his sixtieth (60th) birthday when his pension benefits from NML would have vested." (Compl., Count V.)

federal courts have exclusive jurisdiction over such claims. See 29 U.S.C. § 1140 (provision of ERISA stating that it is unlawful to discharge a plan participant "for the purpose of interfering with the attainment of any right . . . under the plan").

Plaintiff moved to remand the case to state court, arguing that his Complaint, including Count V, does not trigger ERISA preemption. After Defendants filed an opposition to Plaintiff's motion, Plaintiff submitted a reply brief with an Amended Complaint attached. The Amended Complaint omits Count V, the count Defendants had argued is preempted by ERISA and gives rise to federal jurisdiction.[2] The Amended Complaint adds a claim that the Defendants violated a state statute prohibiting age discrimination.[3]

In the Amended Complaint and other papers Plaintiff has filed in this Court, Plaintiff explicitly abandoned any contention that Defendants terminated him to avoid their obligations under Plaintiff's pension plan or that Plaintiff is seeking to recover pension benefits. Defendants oppose remand by suggesting that Plaintiff's representations to this Court are disingenuous and that Plaintiff will reassert an ERISA-based motive once the case is back in state court.

Defendants' suspicions are not an adequate basis for the assertion of federal jurisdiction.

---

[2] The Court agrees with Defendants that ERISA completely preempts Count V of the original Complaint. As discussed below, however, Plaintiff has filed an Amended Complaint, which supersedes the original Complaint.

[3] Because Plaintiff attached his Amended Complaint to his reply brief, Defendants did not have an opportunity to address the effect of the filing of Plaintiff's Amended Complaint on the instant Motion for Remand. Accordingly, the Court ordered counsel to submit additional briefing addressing the following issues: (i) whether any of the claims asserted in Plaintiff's Amended Complaint are preempted by ERISA or otherwise give rise to federal jurisdiction; and (ii) whether Plaintiff is permitted to amend his Complaint as a matter of course subsequent to removal or whether leave of Court is required. Counsel have briefed these issues, and Plaintiff's Motion for Remand is now ripe.

In addition, the Court sees no reason to doubt the assertions that Plaintiff's counsel has made to the Court. The undersigned is confident that the state court would hold Plaintiff to his word.

Accordingly, for these reasons and those discussed below, the Court will REMAND this case to the Circuit Court for Baltimore City.

## II. Standard of Review

When a plaintiff files a motion for remand, the defendant seeking to proceed in federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

## III. Analysis

### A. Plaintiff's Amended Complaint

Defendants concede that Plaintiff may amend his Complaint as a matter of course at this stage of the case. (See Defs.' Brief (Docket No. 22); Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.").) Defendants claim, however, that Plaintiff has not filed the Amended Complaint in federal court. The caption of the Amended Complaint states that it is filed in the Circuit Court for Baltimore City, and Plaintiff states in his reply brief that he filed the Amended Complaint in state court. Plaintiff, therefore, simply appended a state court filing to his reply brief, Defendants contend.

It would only delay the ultimate resolution of the pending jurisdictional questions for the Court to adopt such a narrow view of the Amended Complaint. If the Court were to rule that Plaintiff has not filed his Amended Complaint in federal court, Plaintiff will simply turn around and file it under separate cover. Accordingly, the Court will, by separate Order, ACCEPT FOR

FILING in this Court the Amended Complaint that Plaintiff attached to his reply brief.

**B.     ERISA Preemption**

In the Amended Complaint, Plaintiff added a state age discrimination claim that charges Defendants with "discriminating against [him] with respect to tenure, terms, conditions, and privileges of employment." (Am. Compl. ¶ 43.) Defendants argue that this new state claim is preempted by ERISA because (i) Plaintiff's pension benefits are the "conditions and privileges of employment" referenced in the claim; and (ii) Plaintiff, therefore, is alleging that Defendants terminated him prior to his vesting date in order to deny him pension benefits. Defendants argue that the following allegations in the Amended Complaint support their position: (i) Defendant NML "provides health and two types of retirement benefits for agents (under heavily back-loaded programs that save the heaviest NML contributions for the five years prior to the agent's 65th birthday")  (Am. Compl. ¶ 7); and (ii) Plaintiff was terminated effective August 1, 2002, "three months prior to his 60th birthday" (Id. ¶ 16). The Court disagrees with Defendants that Plaintiff's state age discrimination claim is preempted by ERISA and gives rise to federal jurisdiction.

Ordinarily, federal question jurisdiction exists only when the "plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); 28 U.S.C. § 1331. The "complete preemption" doctrine, however, permits federal jurisdiction over state-law claims in certain circumstances. Under that doctrine, "federal law so completely sweeps away state law that any action purportedly brought under state law is transformed into a federal action that can be brought originally in, or removed to, federal court." King v. Marriott Int'l, Inc., 337 F.3d 421, 425 (4th Cir. 2003). When complete preeemption exists, "the plaintiff simply has brought a mislabeled federal claim, which may be asserted under

some federal statute." Id.

In the ERISA context, "[t]he only state law claims properly removable to federal court are those that are 'completely preempted' by ERISA's civil enforcement provision, § 502(a)."[4] Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 371 (4th Cir. 2003). The Fourth Circuit looks to the following three elements in deciding whether complete preemption[5] exists: "(1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must 'fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." Id. at 372 (quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996)).

The Court finds that the third element is not satisfied in this case.[6] Plaintiff has pled a straightforward state age discrimination claim, which does not mention, or even hint at, ERISA

---

[4] Section 502(a) allows a pension benefit plan participant to bring a civil action to, *inter alia*, (i) "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;" and (ii) "obtain . . . appropriate equitable relief . . . to redress . . . violations [of ERISA]." 29 U.S.C. §§ 1132(a)(1)(B) & (a)(3).

[5] Complete preemption in the ERISA context is often confused with ordinary, or conflict, preemption. Section 514 of ERISA addresses ordinary preemption, providing that ERISA supersedes any state law that "relates to" any employee benefit plan. 29 U.S.C. § 1144(a); see Peninsula Reg'l Med. Ctr. v. Mid Atlantic Med. Servs., LLC, 2004 WL 1634973, at *3 (D. Md. July 22, 2004) (Bennett, J.). Section 514 preemption only constitutes a defense to a cause of action; it does not authorize removal to a federal court. Sonoco Prods. Co., 338 F.3d at 371; Peninsula Reg'l Med. Ctr., 2004 WL 1634973, at *3. Unfortunately, it appears from the briefs that counsel failed to realize the complete v. ordinary preemption distinction.

[6] Because the Court finds that the third element is not satisfied, it need not address the other two elements.

5

benefits or the existence of an ERISA plan.[7] (See Am. Compl. ¶ 43.) The Amended Complaint alleges conduct, all unrelated to the existence of an ERISA plan, that may constitute adverse employment actions for purposes of Plaintiff's age discrimination claim. For example, Plaintiff alleges that (i) Defendant Donald Iodice improperly withheld Plaintiff's bonuses and commissions; and (ii) Plaintiff was terminated on August 1, 2002, at the age of 59. A court is, therefore, capable of evaluating the merits of Plaintiff's age discrimination claim without interpreting an ERISA-governed employee benefit plan.

Defendants invite the Court to assume that because Paragraph 7 of the Amended Complaint mentions an ERISA plan, ERISA completely preempts Plaintiff's age discrimination claim. The Court declines Defendants' invitation. Plaintiff only mentions the existence of retirement plans in paragraph 7 as an example of how Defendant NML exerted employer control over Plaintiff and other agents. (See id. ¶ 7.) Nowhere does Plaintiff allege that Defendants have deprived him of his ERISA benefits or otherwise violated his ERISA rights.[8] Moreover, the Court cannot take the leap suggested by Defendants and find that the mere mention of an ERISA plan in the fact section of a complaint means that the claims therein cannot be resolved without a court interpreting the plan.

For the foregoing reasons, the Court concludes that ERISA does not completely preempt

---

[7] Plaintiff's age discrimination claim states: "By the conduct described, defendants violated Baltimore City Code Article 4, § 3-1(1), discriminating against plaintiff with respect to tenure, terms, conditions, and privileges of employment." (Am. Compl. ¶ 43.)

[8] Defendants try to force an ERISA benefits allegation into the Amended Complaint by stating that "Plaintiff still alleges that he was terminated 'three months prior to his 60th birthday,' the date which would have vested his benefits." (Defs.' Brief at 2 (emphasis added).) Although the original Complaint stated that Plaintiff's benefits would have vested at age 60, that language was contained in Count V, which has been deleted from the Amended Complaint.

Plaintiff's age discrimination claim. Plaintiff's Amended Complaint does not contain a "mislabeled" ERISA claim. Federal question jurisdiction, therefore, does not exist.

**C.     Remand**

Plaintiff's Amended Complaint contains only state-law claims. Accordingly, the Court has the discretion to remand the case to state court. See Farlow v. Wachovia Bank of North Carolina, N.A., 259 F.3d 309, 316 (4th Cir. 2001) ("[I]n a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court." (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988))). In exercising its discretion, the Court should weigh the factors of judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 351; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7.

In its discretion, the Court declines to exercise jurisdiction over Plaintiff's Amended Complaint. The only relationship the Court has had with this matter consists of analyzing the removal and remand issues. The Court, therefore, has not yet expended substantial federal resources on this case. As the Circuit Court for Baltimore City and this Court are both located in Baltimore City, it will not inconvenience the parties to litigate this action in state court.

Plaintiff's Amended Complaint omits the ERISA claim contained in the original Complaint. Despite the omission, Defendants argue that the pension issue colors the entire Amended Complaint. The Court disagrees. Plaintiff mentions retirement plans only as an

example of the employer control that NML exerted over him. Moreover, Plaintiff states in his brief that his pension benefits had already vested,[9] that he "seeks no relief from this or any other Court concerning his pension or other vested benefits," and that he "does not seek to recover withheld pension and other benefits." (See Docket No. 23, at 2, 4.) Plaintiff, therefore, will not, as Defendants contend, be seeking pension-related damages.

The Amended Complaint raises only state-law issues. Remanding the case to state court is, therefore, appropriate.

## IV. Conclusion

For the foregoing reasons, the Court will, by Separate Order, (i) ACCEPT FOR FILING Plaintiff's Amended Complaint; (ii) GRANT Plaintiff's Motion for Remand; (iii) REMAND this action to the Circuit Court for Baltimore City, Maryland; and (iv) DIRECT the Clerk to close the case.

Dated this 10TH (BEL) day of September, 2004.

Benson Legg
Benson Everett Legg
Chief Judge

I hereby attest and certify on 9/13/04 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
FELICIA C. CANNON
CLERK, U. S. DISTRICT COURT
DISTRICT OF MARYLAND
By _____ Deputy

---

[9] Plaintiff does not explain why, if his pension benefits had already vested, he alleged in his original Complaint that Defendants terminated him before his sixtieth birthday, "when his pension benefits from NML would have vested." (Compl., Count V.) As stated earlier, however, the Court sees no reason to disbelieve Plaintiff's statements that he will not be pursuing relief in connection with his pension benefits. Plaintiff's representations have removed the pension issue from the controversy between Plaintiff and Defendants, and the Court trusts that the state court would hold Plaintiff to his word.