IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CALVIN F. SHILLING, SR. | : |
| | : |
| v. | :     CIVIL NO. L-05-1121 |
| | : |
| NORTHWESTERN MUTUAL LIFE | : |
| INSURANCE COMPANY, et al. | : |

**MEMORANDUM**

This is the second time Defendants have removed this case. Several motions are now pending. For the reasons set forth below, the Court will, by separate Order, (i) GRANT Plaintiff's motion to dismiss his federal age discrimination claim, (ii) GRANT Plaintiff's motion to remand, (iii) GRANT Defendants' motion for leave to file a surreply, (iv) DENY Plaintiff's motion to strike, (v) DENY AS MOOT Plaintiff's motion for leave to take discovery, (vi) DISMISS Plaintiff's federal age discrimination claim WITH PREJUDICE, and (vii) REMAND this case to the Circuit Court for Baltimore City.

**I.  Introduction**

Plaintiff, Calvin F. Shilling, Sr. ("Plaintiff"), filed this lawsuit in state court. Defendants removed the case, contending that Plaintiff's Complaint stated a federal claim. Plaintiff then filed an Amended Complaint, which omitted the federal claim, and moved to remand. Because only state-law claims remained, the Court remanded the case.

Several months later, while the case was pending in state court, Plaintiff again amended his Complaint, alleging that Defendants violated the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. When Defendants removed the case a second time, Plaintiff, desirous of returning to state court, moved to dismiss his ADEA claim and to, once again,

remand the case.  These motions are ripe for decision.

Although removal was proper, the Court, after weighing the relevant factors, will allow Plaintiff to dismiss his ADEA claim, with prejudice, and will remand the case.  There is no evidence that Plaintiff has acted in bad faith, Defendants will not suffer prejudice as a result of the dismissal and remand, and the Court sees no reason to exercise jurisdiction over the remaining state-law claims.

## II.     Background

In September 2003, Plaintiff filed this lawsuit in the Circuit Court for Baltimore City, alleging eight state-law claims against his former employer, The Northwestern Mutual Life Insurance Company, and two of its General Agents, Donald Iodice and Scott Iodice (collectively referred to as "Defendants").  Defendants promptly removed the case, contending that although Count V of the Complaint was titled "Negligence," it was actually a claim under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), over which this Court had exclusive jurisdiction.  Plaintiff, desirous of litigating in state court, amended his Complaint to delete Count V[1] and moved to remand.  His Amended Complaint also added Count VIII, an age discrimination claim under the Baltimore City Code.  Because Plaintiff's Amended Complaint contained only state-law claims, the Court declined to exercise jurisdiction and remanded the case on September 10, 2004.

Defendants subsequently filed motions to dismiss, which the state court denied on December 1, 2004.  Four months later, on April 7, 2005, Plaintiff filed an "Amendment by

---

[1] Because Defendants had not yet filed a responsive pleading, Plaintiff was permitted to amend his Complaint as a matter of course.  See Fed. R. Civ. P. 15(a).

Interlineation," substituting the ADEA in place of the Baltimore City Code as the statutory basis for his age discrimination claim.[2] According to Defendants, they received a copy of the document a day earlier, on April 6th.

On April 25, 2005, Defendants again removed the case. The Notice of Removal stated that because Plaintiff had substituted the ADEA in place of the Baltimore City Code, Plaintiff had alleged a violation of a federal statute and removal, therefore, was proper. In paragraph 4, however, Defendants mistakenly cited ERISA, rather than the ADEA, as the basis for federal jurisdiction. (See Docket No. 1.) On May 2, 2005, Defendants filed an Amended Notice of Removal that corrected their mistake. (See Docket No. 37.) On May 2 & 3, 2005, Defendants filed Answers to the newly amended complaint.

On May 4, 2005, Plaintiff moved to remand, arguing that removal was improper. Then, an hour before Defendants filed their opposition brief, Plaintiff moved to dismiss his ADEA claim with prejudice.[3] Defendants oppose both motions, arguing that Plaintiff "has engaged in patent jurisdictional gamesmanship." (Docket No. 51, at 4.) Defendants ask the Court to either: (i) exercise its discretion to retain jurisdiction over all claims, including the ADEA claim; or (ii) grant Plaintiff's motions but order Plaintiff to pay all costs and expenses, including fees, incurred by Defendants in removing the case and briefing the motions.

---

[2] The "Amendment by Interlineation" stated, in part: "Due to defendants' stated intent to continue contesting their violation of Baltimore City Code Article 4, § 3-1(1), Shilling will withdraw this statutory basis for Count VIII (Age Discrimination) of his Amended Complaint and instead substitute 29 USCS (sic) § 623 as the statutory basis for his age discrimination claim." (See Docket No. 30.) It then provided the language of the revised Count VIII. (See id.)

[3] Although Plaintiff did not state in his motion whether he was seeking dismissal with or without prejudice, his later filings clarify that he is willing to dismiss his claim with prejudice. (See Docket No. 52, at 3.)

**III.   Analysis**

    **A.   Case Was Properly Removed**

The removal statute, 28 U.S.C. § 1446(b), provides that a defendant shall file a notice of removal "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Plaintiff argues that removal was improper because: (i) the state and federal courts exercise concurrent jurisdiction over ADEA claims, (ii) his "Amendment by Interlineation" is not a "Second Amended Complaint," and, therefore, did not trigger the thirty-day removal period, (iii) Defendants' Notice of Removal incorrectly cites to ERISA, and (iv) Defendants removed the case in its late stages.  The Court rejects Plaintiff's arguments.

First, when state and federal courts have concurrent jurisdiction, removal is permitted unless Congress states otherwise.[4]  Because the ADEA does not expressly prohibit removal,[5] Defendants were permitted to remove the case.

Second, regardless of its title, Plaintiff's "Amendment by Interlineation" stated a federal statute as the basis for his age discrimination claim.  Whether deemed an "amended pleading" or "other paper" for purposes of 28 U.S.C. § 1446(b), the document clearly demonstrated that the

---

[4] See Whitfield v. Federal Crop Ins. Corp., 557 F.2d 413, 414 (4th Cir. 1977) (holding that where concurrent jurisdiction exists, claim may be removed unless Congress states otherwise); Bahari v. Countrywide Home Loans, 2005 WL 3505604, at *3 (D. Md. Dec. 16, 2005) ("Courts in the Fourth Circuit have long held that concurrent jurisdiction does not preclude a defendant's right to remove an action to federal court.  Where federal and state courts have concurrent jurisdiction, Congress must expressly provide for nonremovability to prevent removal."); Callison v. Charleston Area Med. Ctr., Inc., 909 F. Supp. 391, 394 (S.D. W. Va. 1995) ("The existence of concurrent jurisdiction does not require remand.").

[5] See 29 U.S.C. § 621, et seq.

case had become removable.[6]  Accordingly, Defendants had thirty days from April 6, 2005, the date they received the document, to remove the case.  Because Defendants filed their Notice of Removal on April 25, 2005, removal was timely.

Third, although paragraph 4 of Defendant's original Notice of Removal mistakenly cited ERISA, the Notice clearly stated that Plaintiff's addition of an ADEA claim was the basis for removal.  Moreover, Defendants corrected their error in an Amended Notice filed on May 2, 2005, which was still within the thirty-day removal period.

Finally, the stage of the proceedings has no bearing on whether the case is properly removable.  If Plaintiff did not want the state court schedule disrupted, he should have thought more carefully before stating a federal cause of action, thereby opening the door for Defendants to remove the case.

For these reasons, the Court finds that the case was properly removed.  The Court now turns its attention to Plaintiff's motion to dismiss his ADEA claim.

### B. Plaintiff's Motion to Dismiss

Perhaps having realized the weakness of his arguments regarding the propriety of removal, Plaintiff moved to dismiss his ADEA claim in an effort to destroy federal jurisdiction.[7]  Because Plaintiff seeks to dismiss one claim, rather than his entire suit, the Court deems his

---

[6] See Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997) ( "[D]efendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal."); see also 28 U.S.C. § 1441(b) (stating that claims arising under the laws of the United States are removable).

[7] See Docket No. 52, at 3 ("To bring this case back to the state forum where it belongs, plaintiff has determined to dismiss his ADEA claim and to do so with prejudice.").

request as a motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[8]

Under Rule 15(a), "[a] party may amend [his] pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court." Fed. R. Civ. P. 15(a). Plaintiff has already amended his Complaint once as a matter of course. Moreover, Defendants have already filed their Answers. Accordingly, Plaintiff may further amend his Complaint only with leave of Court.

Rule 15(a) instructs courts that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has declared that "this mandate is to be heeded" and has identified the following factors for courts to consider when evaluating a Rule 15(a) motion: (i) undue prejudice to opposing party, (ii) undue delay, (iii) bad faith or dilatory motive, and (iv) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).[9] In the Fourth Circuit, "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

Applying these factors, the Court will grant Plaintiff leave to amend. First, Defendants will not suffer any undue prejudice as a result of the amendment. There is no evidence that Defendants have expended a large amount of resources or time defending Plaintiff's age

---

[8] See Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 517-18 (Fed. Cir. 1987) (explaining that Rule 15 motion to amend is proper means to accomplish partial dismissal); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (2d ed. 2005) ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) applies only to the dismissal of all claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.").

[9] See also Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("While Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.")

discrimination claim.  When the case was removed, the parties had not exchanged expert reports or taken any depositions.[10]  Nor have they filed summary judgment motions.  Moreover, because Plaintiff is dismissing his ADEA claim with prejudice, Plaintiff cannot assert that claim in a later suit.  Accordingly, the prejudice factor weighs in favor of granting leave to amend.

The other three factors likewise weigh in Plaintiff's favor.  Plaintiff filed his motion less than a month after Defendants removed the case and, therefore, has not caused undue delay.  Moreover, there is no evidence that Plaintiff is moving to amend in bad faith.  Although Plaintiff is apparently seeking to dismiss his ADEA claim in an effort to destroy federal jurisdiction, such "jurisdictional maneuvering," as Defendants call it, is not evidence of bad faith.  Rather, a plaintiff is entitled to allege in state court whatever claims he chooses and then dismiss them, with leave of court, upon removal.[11]  Defendants have offered no evidence that Plaintiff's actions in adding and later moving to dismiss his ADEA claim were prompted by any ill motive toward Defendants, such as a desire to force them to incur expenses in the removal and remand

---

[10] After remand, and while the instant motions to dismiss and remand were pending, the Court granted Defendants leave to depose Plaintiff.  (See Docket Nos. 54, 55.)  Defendants have offered no evidence, however, regarding the amount of time that they devoted to Plaintiff's discrimination claim in preparation for and taking the deposition.

[11] See Moyles v. Johnson Controls, Inc., 2005 WL 1561519, at *2 (E.D. Cal. June 29, 2005) ("While plaintiffs' motivation for amending the complaint is to obtain remand, the Ninth Circuit has stated that '[a] plaintiff is entitled to file both state and federal causes of action in state court,' then 'settle certain claims or dismiss them with leave of the court' upon removal.  The [Ninth Circuit] went on to say that such practice is not manipulative and need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure." (quoting Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995))); Kimsey v. Snap-On Tools Corp., 752 F. Supp. 693, 695 (W.D.N.C. 1990) ("[A]ttempting to avoid federal jurisdiction by amending the complaint . . . 'does not diminish the right of these plaintiffs to set the tone of their case by alleging what they choose'" (quoting McGann v. Mungo, 578 F. Supp. 1413, 1415 (D.S.C. 1982))).

process.[12] To the contrary, Plaintiff states that he substituted the ADEA in place of the local discrimination statute in response to Defendants' argument that the local statute is invalid. Finally, amendment is not futile, as it paves the way for the Court to remand the case.

The Court will not, as Defendants request, condition leave to amend on the Plaintiff paying the costs and fees that Defendants have incurred in removing the case and opposing Plaintiff's motions.[13] Although Defendants have incurred expenses in the removal and remand process, they have gained something as well. Namely, Plaintiff has agreed to dismiss his ADEA claim with prejudice. As a result, Plaintiff's age discrimination claim is out of the case, and Plaintiff can never again assert an ADEA claim against Defendants.[14] Moreover, there is no evidence that Plaintiff has acted in bad faith or with the intent to cause Defendants to expend unnecessary resources in the case.

For these reasons, the Court will GRANT Plaintiff's Motion to Amend. As a result,

---

[12] See Moyles, 2005 WL 1561519, at *2 (stating that dismissing claims after removal "is not manipulative and need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure").

[13] Defendants cite to Rule 41(a)(2), which allows the Court to dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). That rule, however, governs dismissals of actions. As previously discussed, Rule 15(a), rather than Rule 41(a)(2), applies when a plaintiff moves to dismiss one claim in a multi-count suit. Accordingly, the Court looks to Rule 15(a) in analyzing Defendants' request. Although Rule 15(a) does not explicitly authorize a court to impose conditions when granting leave to amend, courts have held that such authority exists. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1486 (2d ed. 1990) (citing cases holding that such authority exists and stating that "[t]he statement in Rule 15(a) that 'leave shall be freely given when justice so requires' presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment").

[14] See Loutfy v. R.R. Donnelley & Sons, Co., 148 F.R.D. 599, 603-04 (N.D. Ill. 1993) (stating that plaintiffs' dismissal with prejudice of federal claims "has the net result of defendant no longer being in jeopardy of defending the federal claim again; thus with an order of voluntary dismissal with prejudice, an award of fees would not be appropriate" (emphasis in original)).

Plaintiff's ADEA claim is DISMISSED WITH PREJUDICE.

### C. Plaintiff's Motion to Remand

Without the ADEA claim, Plaintiff's Amended Complaint contains only state-law claims. Accordingly, the Court has the discretion to remand the case.[15] In exercising its discretion, the Court should weigh the factors of judicial economy, convenience, fairness, and comity.[16] The Court should also consider the fact that Plaintiff dismissed his ADEA claim in an effort to destroy federal jurisdiction.[17] Typically, the "balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

In its discretion, the Court declines to exercise jurisdiction over the case. The only relationship the Court has had with this matter consists of analyzing the removal and remand

---

[15] See Farlow v. Wachovia Bank of North Carolina, N.A., 259 F.3d 309, 316 (4th Cir. 2001) ("[I]n a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court." (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988))); see also Moyles, 2005 WL 1561519, at *3 (stating that although amending complaint to eliminate federal claims does not compel remand, court has discretion to remand); Taylor v. Giant Food, Inc., 2004 WL 2191715, at *2 (D. Md. Sept. 13, 2004) (stating that when a plaintiff amends complaint to eliminate federal jurisdiction, court may still exercise its discretion to remand); Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 729 (S.D. W. Va. 2003) (exercising its discretion to remand when plaintiff amended complaint to eliminate federal claim).

[16] Cohill, 484 U.S. at 351; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

[17] Cohill, 484 U.S. at 357 ("[The concern regarding forum manipulation] hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.")

issues. The Court, therefore, has not yet expended substantial federal resources on this case. To the contrary, the Circuit Court for Baltimore City has already invested time and resources considering the underlying claims, having ruled on Defendants' motions to dismiss. Moreover, as the Circuit Court for Baltimore City and this Court are both located in Baltimore City, it will not inconvenience the parties to litigate this action in state court. There is also no reason for this Court to retain jurisdiction over state-law claims that the state court is more suited to hear. The Supreme Court has stated:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

In light of the above factors, the Court declines to keep the case.[18] Because the Court is

---

[18] The Court rejects Defendants' argument that the Court should retain jurisdiction because Plaintiff "has engaged in patent jurisdictional gamesmanship in an effort to litigate his federal claims in state court." (See Docket No. 51, at 4.) The Court recognizes that Plaintiff has, on two separate occasions, dismissed a federal claim in an effort to return this case to state court. However, as already discussed, Plaintiff has not acted in bad faith. Moreover, the Court finds that Plaintiff's intentions in dismissing his federal claims do not outweigh the above factors. See Taylor v. Giant Food, Inc., 2004 WL 2191715, at *3 (D. Md. Sept. 13, 2004) (finding that plaintiff's intent in amending complaint "matters little compared to the interest of comity and the avoidance of 'needless decisions of state law' embraced in Gibbs" (quoting Gibbs, 383 U.S. at 729)); Fleeman v. Toyota Motor Sales, U.S.A., Inc., 288 F. Supp. 2d 726, 728-29 (S.D. W. Va. 2003) (concluding, in light of Gibbs and district court cases within Fourth Circuit, that court should remand case when plaintiff dismissed sole federal claim); Kimsey v. Snap-On Tools Corp., 752 F. Supp. 693, 695 (W.D.N.C. 1990) (same).
   Defendants have requested leave to file a surreply, in which they contend that Plaintiff's counsel recently employed similar jurisdictional tactics in a case that was removed to the United

(continued)
States District Court for the Eastern District of Virginia ("Virginia" case). (Docket No. 57.) Defendants state that in the Virginia case, Plaintiff's counsel attempted to destroy diversity

remanding the case, it will DENY AS MOOT Plaintiff's motion for leave to take discovery.

**IV.    Conclusion**

For the foregoing reasons, the Court will, by separate Order, (i) GRANT Plaintiff's motion to dismiss, (ii) GRANT Plaintiff's motion to remand, (iii) GRANT Defendants' motion for leave to file a surreply, (iv) DENY Plaintiff's motion to strike, (v) DENY AS MOOT Plaintiff's motion for leave to take discovery, (vi) DISMISS Plaintiff's ADEA claim WITH PREJUDICE; and (vii) REMAND this case to the Circuit Court for Baltimore City.


Dated this 24th day of March, 2006.

                                                                  _____/s/_____
                                                                  Benson Everett Legg
                                                                  Chief Judge

---

jurisdiction by adding a non-diverse defendant.  Defendants argue that this demonstrates Plaintiff's proclivity toward engaging in "jurisdictional gamesmanship" and wasting judicial and party resources.  Plaintiff has moved to strike Defendant's surreply.

     The Court will GRANT Defendants' motion to file its surreply and DENY Plaintiff's motion to strike.  Defendant's surreply, however, does not affect the Court's decision in this case.  First, it does not appear that Plaintiff is a party in the Virginia case.  The Court will not hold Plaintiff accountable for acts taken by his attorney on behalf of other clients in other cases.  Second, even assuming that Plaintiff's attorney has engaged in "jurisdictional gamesmanship" in another case, this still does not outweigh the factors that call for this case to be remanded.

11